IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,
    Plaintiff-Respondent,

v.

Criminal Case Number 3:09-cr-128-HLA-TEM-2
Civil Case Number 3:11-cv-203-J-25TEM

ROBERTO CABA,
    Defendant-Movant.
_____/

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

Name (under which you were convicted): Roberto Caba

Docket or Case No.: 3:09-cr-128-HLA-TEM-2

Place of Confinement: Glades County Detention Center, 1995 East State Road 78 N.W., Moore Haven, Florida 33471

Prisoner No.: 32798-018

1. (a) Name and location of court that entered the judgment of conviction you are challenging: United States District Court for the Middle District of Florida, Jacksonville Division.

(b) Criminal docket or case number (if you know): 3:09-cr-128-HLA-TEM-2

2. (a) Date of the judgment of conviction (if you know): February 26, 2010[1]

(b) Date of sentencing: January 27, 2010

3. Length of sentence: Two Hundred Forty (240) months imprisonment, Supervised Release- Sixty (60) months, Special Assessment: $100

4. Nature of crime (all counts): 1 count of conspiracy to possess with intent to distribute cocaine, a Schedule II controlled substance, the amount of cocaine being five (5) kilograms or more in violation of 21 U.S.C. § 841(a)(1) and 841 (b)(1)(A).

5. (a) What was your plea? (Check one)

(1) Not guilty [ ] (2) Guilty [X] (3) Nolo contendere (no contest) [ ]

(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? Not Applicable (hereinafter sometimes "NA")

6. If you went to trial, what kind of trial did you have? (Check one) Jury [ ] Judge only [ ] NA

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes [ ] No [X]

---

[1] The judgment did not become final for AEDPA purposes until the time for filing a notice of appeal expired with no notice having been filed, which would have been 14 days after entry of judgment by the clerk, which 14 days expired on March 12, 2010. Therefore the deadline for filing this 2255 petition is March 14, 2011 (March 12, 2011 is a Saturday, so the deadline rolls over to the first business day thereafter).

8. Did you appeal from the judgment of conviction? Yes [] No [X]

9. If you did appeal, answer the following:

(a) Name of court: Not Applicable

(b) Docket or case number (if you know): Not applicable

(c) Result: Not applicable

(d) Date of result (if you know): Not applicable

(e) Citation to the case (if you know): Not applicable

(f) Grounds raised:

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes [ ] No [X]

If "Yes," answer the following: NA

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know:

(4) Citation to the case (if you know):

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes [ ] No [X]

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes [ ] No [ ]

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information: NA

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes [ ] No [ ]

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes [ ] No [ ]

(2) Second petition: Yes [ ] No [ ]

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE:

Caba is entitled to withdraw his plea under *Padilla v. Kentucky* because: 1) his defense counsel did not warn him of that his plea and conviction would render him subject to deportation; 2) he would not have entered the plea had he been so warned; 3) the plea rendered him subject to deportation; 4) this motion is timely filed; and 5) *Padilla* is retroactive.

Page 5 of 15

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Caba alleges that had his defense counsel never unequivocally advised him that he would be deported as a result of his guilty plea and conviction in this case. Instead, his counsel's advice left open the possibility that he could somehow possibly avoid deportation, that deportation was not absolutely and without exception a consequence of his plea. Had Cabe been put on unequivocal notice that his guilty plea would without any doubt render him deportable, he would not have entered a guilty plea, but would have insisted on taking the case to trial or fighting for a dismissal of the charges.

Fighting the charges would have been a rational choice on the facts of this case. As the Court itself could discern at the sentencing proceeding, the facts of the case presented a strong case for an entrapment defense and it would have been a rational choice to try the case rather than simply plead guilty, had there been an understanding that the one *sure result* of a guilty plea was absolute deportation.

Because Caba could qualify for a safety valve sentence irrespective whether he took the case to trial and lost or entered a guilty plea, the ordinary incentive to negotiate with the Government for sentencing purposes was not present in this case. Sentencing considerations alone would not have trumped deportation concerns had

Page 6 of 15

clear and unequivocal immigration advice been given that a guilty plea meant, without any possibility of exception, that Caba would be deported.

Caba entered a guilty plea to a felony controlled substance offense in violation of Title 21, United States Code, § 841(a)(1) and (b)(1)(A). Under the Immigration and Naturalization Act, an admitted alien is deportable without exception if he sustains a conviction for a felony drug offense at any time. 8 U.S.C. § 1227(a)(2)(B)(i), *supra*. Therefore, Caba's plea subjected him to deportation upon final judgment and sentence without exception.

Caba is being detained at this time by United States Immigration and Customs Enforcement and a deportation proceeding has commenced against him based on this conviction.

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes [ ] No [ ] NA

(2) If you did not raise this issue in your direct appeal, explain why: Not a direct appeal claim, but a claim which can only be raised in a collateral attack.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes [ ] No [X]

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes [ ] No [ ]

(4) Did you appeal from the denial of your motion, petition, or application?

Yes [ ] No [ ]

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes [ ] No [ ]

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: The above ground has not previously been presented and is cognizable in collateral attack and not on direct appeal.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes [ ] No [X]

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Charles Derek Courson, 97197 Laffites Way, Yulee, Florida 320972483.

(b) At arraignment: Same as above.

(c) At arraignment and plea: James A. Hernandez, Suite 1133, 233 E Bay St., Jacksonville, FL 32202.

(d) At sentencing: same as above.

(e) On appeal: Not applicable.

(f) In any post-conviction proceeding: William Mallory Kent, 1932 Perry Place, Jacksonville, Florida, 32207.

(g) On appeal from any ruling against you in a post-conviction proceeding: NA

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes [] No [X]

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes [ ] No [X]

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes [ ] No [ ]

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* NA

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction became final;

Page 11 of 15

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

To vacate his guilty plea, conviction and sentence, and if summary relief is not granted to set the matter for an evidentiary hearing upon due notice, or any other relief to which movant may be entitled.

Signature of Attorney (if any)

        Respectfully submitted,

        <u>s/William Mallory Kent</u>
        WILLIAM MALLORY KENT
        The Law Office of William Mallory Kent
        1932 Perry Place
        Jacksonville, Florida 32207
        904-398-8000 TELEPHONE
        904-348-3124 FAX
        kent@williamkent.com Email

Signature of Movant

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was executed (signed) on March _____ , 2011(date).

_____
ROBERTO CABA[2]

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

---

[2] A duplicate counterpart copy of this petition has been mailed to the petitioner who is in custody at Glades County Detention Center, 1995 East State Road 78 N. W., Moore Haven, Florida 33471, for his signature, and upon receipt the duplicate sworn petition will be filed.

Page 14 of 15

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

John Guard, Esq.

s/William Mallory Kent
William Mallory Kent
